We'll hear the last case, Triumph v. Secretary of Labor. May it please the Court, I'm Jason Finkelstein, law firm Coleshots, PC, on behalf of Petitioner Appellant Triumph Construction Corp. Your Honors, I believe we're here today on two very limited, discrete issues. The first being whether the administrative law judge below abused his discretion by issuing what is effectively a missing witness charge after the hearing had concluded. There's no charge. There's a charge. Excuse me, Your Honor? There's no charge. There's no jury. There's no instruction. There's no official charge, Your Honor, because there's no jury. So all that happened is the judge chose to draw a particular inference. Correct, which was akin to a missing witness charge. It's not directly a missing witness charge. Obviously there's no jury. But do you, you know, all of the cases that you cite are criminal cases where there is an instruction to the jury, and the question is whether that instruction undermines the defendant's right in a criminal case not to put on any evidence at all, or the government's burden to prove beyond a reasonable doubt the guilt of the defendant. None of those arose in an administrative context. Well, Your Honor, the case that the administrative law judge went so far as to citing, the Capeway Roofing case, was an OSHA case, and in that matter, similarly, there's an issue where the employer did not call the witness who was available, appeared at the hearing, and was not called to testify. And the whole problem there, Your Honor, is that unlike that situation, the employer here did present Mr. Formoso, the foreman. He was the— The employer was relying on an exception, right, the exception for the less than five feet deep? That's correct, Your Honor. Whose burden was it to show that the exception applied? As to the exception, Your Honor, that is certainly the employer's case to make, but that testimony was— But how was the burden impermissibly shifted if it's the employer's burden to show that the exception applies? The employer in this case, Triumph, had already submitted the testimony of Mr. Anzaldi, who testified what would have been duplicitous testimony of what Mr. Formoso testified, or would have testified to, had he been called. So in order for Triumph to then present him for further testimony would have been duplicative and, frankly, probably a waste of the administrative law judge's time. Had the administrative law judge— What difference does it make? I mean, the person who wasn't called, either side could have called him, but they didn't, and there was ample additional evidence that this was of a depth of greater than five feet. Right, Your Honor, but the whole— Both from the person who was injured and from various measurements that were taken. I mean, basis upon which the district, the trial judge could have, or the hearing judge, could have reached the conclusion that the judge reached. Your Honor, the fact that the administrative law judge went to the lengths of dedicating an entire paragraph in his decision, identifying the fact that Mr. Formoso was not called to testify, I think changes the nature of that. Had the administrative law judge made no mention of this, clearly it may not have been an issue for him. But the fact that he went to the lengths, cited the case law about this situation, and basically slammed Triumph for not calling him, I think indicates that this was a key issue. What would you like us to do here? In this issue, Your Honor, I would prefer that the Court goes ahead, remands the case for hearing, and have Mr. Formoso testify. Well, we can't do that. I mean, you know, if somebody calls, decides to call him or not call him. Well, Your Honor, now knowing that this is apparently an issue for— Would you like us to remand and have that paragraph stricken from the opinion? Well, I don't think that's permissible. I mean, certainly you guys can honor— That paragraph also, it struck me as somewhat peculiar because it's about where the injured party was at a different time than when the cave-in occurred, right? I mean, he talks about—the administrative law judge talks about the evidence of how deep was the place, the trench, where the injury occurred, and then goes on to talk about the depth of a different location in the trench where the injured party had been previously. And it's in that latter part that he refers to the failure to call Mr. Formoso, right? I believe that's correct, Your Honor, but— So then why does that even matter? I mean, who cares? I mean, it's interesting the administrative law judge made some findings about it, but why does it matter where the injured worker was when he first got into the trench at an earlier point as opposed to where he was when he was working and the cave-in occurred? I think it just gets to the central issue as to whether a violation in this case occurred, Your Honor. But if the evidence is ample and is entirely separate and is set forth in a separate portion of the opinion as to how deep the trench was at the point where the injury occurred, why isn't this whole subject extraneous? I don't think it's—well, again, going back to my point that I just mentioned, the fact that the administrative law judge harped on this issue suggests— Well, let's not say harped. He mentioned it. He mentioned it in addition to other things, all right? But if the other things are not only sufficient to prove the violation but are the only relevant things because they're about what the depth was at the place where the cave-in and the injury occurred, then I'm having trouble understanding why it isn't just an interesting observation. Maybe there was another violation about the depth of the trench at another point. I take it it's undisputed there were other places in the trench that were not five feet deep because the pipe was still there. But who cares? Well, again, respectfully, I disagree with the position. I believe that this was a critical issue and the fact that the administrative law judge — Okay. Tell me why it's a critical issue. Because it was a factual finding that was made and, essentially, my client, Triumph, was not able to contest that issue. This whole idea was raised— I'm still trying to—explain to me why it matters under the regulation how deep the trench was at a place other than where the injury occurred. I think it all ties into the finding of the violation, Your Honor. Okay. Fine. You had a second point? Yes, Your Honor. Thank you. The second key issue is whether the administrative law judge below also committed clear error in his finding—excuse me. The repeated violation. Yes, the repeated—thank you, Your Honor—whether the applicable look-back period was applied. The administrative law judge neglected and, I think, consistent with what the area director testified to. The field operation manual, in effect at that time, calls for a three-year look-back period and they essentially applied a five-year look-back period to find that my client was engaged in a repeated violation. Doesn't the field operations manual say all over it that it doesn't give anybody any rights? It may not give any rights, Your Honor, but the fact that they go to the lengths of issuing these policies and without any sort of reasoned explanation under the case law to suggest why they're departing from those guidelines, I think that's where the clear error arises. Doesn't the guideline say that that's sort of the ordinary case? The ordinary case as far as what, Your Honor? That the three-year look-back is sort of in general? I don't know that that's the case, Your Honor, but I believe the situation—again, the fact that there was a field operations manual in effect at that time, the Department of Labor, the Secretary of Labor did nothing to say why they departed from that policy. Is there discretion to depart from the period when there are multiple violations, multiple previous violations? And that's the whole issue, Your Honor, is the fact whether there were multiple repeat violations. Well, but how could there be a policy of discretion to depart from a three-year look-back policy when there are multiple violations if the multiple violations all have to be within the three-year look-back period for that to trigger that discretion? Well, Your Honor— That doesn't make any sense. One of the issues was during the process of a settlement in 2011, and so while if you want to say technically that was an admission of some sort, that was strictly entered into for the fact of moving on with the case without really any sort of admissions whatsoever. So to find repeat violations based on that, I think, is frankly somewhat disingenuous from the perspective of the administrative law judge. Thank you. You have some time for rebuttal. Thank you. May it please the Court, I'm Scott Hecker, representing the Secretary of Labor. The Secretary carried his burden to prove the violation of the trenching regulation here that Triumph committed of a repeat violation. Substantial evidence supports that violation, as noted by the Court. The Secretary met his burden at that point. The burden shifted to Triumph. Triumph was unable to introduce sufficient evidence to demonstrate the exception in the regulation applied, and we believe we respectfully assert that this court should uphold the ALJ's decision. The single passing reference to Mr. Formoso and the lack of testimony there, even if the judge inappropriately relied on that lack of testimony, it was harmless error. There was significant and substantial information, evidence in the record to support the violation. Those included uncontroverted measurements taken by the compliance officer with the assistance of Triumph personnel using a standard measuring tape. Photos reflect these measurements in the record. Testimony from the injured employee saying that the surface was seven inches above his height. He was 65 inches when standing on the floor. That is again, greater than five feet. And testimony that in the removal installation process, you need four feet of cover from the top of a 20 inch pipe, which gives you 68 inches, again, deeper than five feet. So the secretary believes and asserts that the ALJ was appropriate in reasonably determining that there was a violation here. As to the repeat violation, as noted by the court, the FOM section on time limitations for repeat violations actually indicates that the policy is a general policy and lists some exceptions. The FOM itself in a disclaimer at the very beginning of the FOM indicates that it creates no right, substantive, or procedural for individuals, and its contents are not enforceable against the Department of Labor. Accordingly, there were two prior violations of this very regulation, this trenching violation, meaning that's three violations in six years, the last of which resulted in serious injuries to a Triumph employee. We believe that this demonstrates that this was appropriately characterized as a repeat violation. We ask the court to affirm the ALJ's decision. Unless there are any questions from the court, I will rest on the secretary's brief. Thank you. Roboto? Your Honor, I don't want to belabor any points. I think Your Honor has fully developed the record as to the missing witness, or what we would call the missing witness charge. But if there's any further questions as to the look back period from the court, I'd be happy to answer them at this point. Thank you. Didn't the OSHA director testify at the hearing? The area director, yes. Area director? And didn't the area director testify that the director thought that there was discretion to go beyond whatever the prescribed period was? Yes, that is. Okay, so that's just an induction. That was also before the ALJ, and it was consistent with the policy that had the disclaimer at the beginning of the FOM. Well, that is true, Your Honor. The whole fact that the FOM, in effect at that time, still does provide for the three year look back period. And so whether there's discretion to move, the area director did not go into length as to any sort of reasoned explanation. That's consistent with the case law as to why they were departing from that guideline. It essentially is asking, why have guidelines if you're not going to follow them? If there were three violations in a six year period, would that not be a good reason to go beyond a three year look back period? I would submit it's not, Your Honor, but I'm not the area director. Okay, thank you. We'll reserve decision. That completes the calendar for today. I'll ask the clerk to adjourn.